UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL SHIRLEY, JR. | : | |
|     PLAINTIFF | : | CASE NO. C-1-01-603 |
| VS | : | Judge: Weber |
| | : | |
| ROUGH BROS., INC. | : | **PLAINTIFF'S HIGHLIGHTED** |
|     DEFENDANT | : | **COPY OF DEFENDANT'S** |
| | : | **PROPOSED FINDINGS** |
| | : | **AND CONCLUSIONS** |

    Now comes plaintiff, by counsel, and submits the following highlighted copy of Defendant's Proposed Findings of Fact and Conclusions of Law, per this Court's Scheduling Order of Nov. 30, 2001.

_____
STEVEN L. SCHILLER (0037620)
4 West Fourth Street, Suite 200
Newport, KY 41071
(859) 261-6811
Trial Attorney for Plaintiff

**CERTIFICATION**

    I hereby certify that a true and correct copy of the foregoing was mailed to Robin E. Harvey and Jeff Van Way, Baker & Hostetler, 312 Walnut St., Suite 2650, Cincinnati, OH 45202-4074 this 9th day of September, 2003.

_____
STEVEN SCHILLER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL SHIRLEY, JR., | : | |
| Plaintiff, | : | Civil Action No. C-1-01-603 |
| vs. | : | Judge Weber |
| ROUGH BROTHERS, INC., | : | |
| Defendant. | : | |

FILED
OCT 21 2002
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

**DEFENDANT ROUGH BROTHERS, INC.'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Court's Scheduling Order of November 30, 2001, Defendant Rough Brothers, Inc. ("Rough Brothers"), hereby submits its Proposed Findings of Fact and Conclusions of Law supporting its Motion for Summary Judgment.

**I.   PROPOSED FINDINGS OF FACT.**

1. Plaintiff Paul Shirley ("Plaintiff") was employed by Rough Brothers as a steel shop foreman.

2. Plaintiff was an at-will employee during his employment with Rough Brothers.

3. Richard Reilly was the Vice President of Operations for Rough Brothers. As of December 2000, Mr. Reilly was the highest ranking production official at Rough Brothers.

4. Plaintiff received an employee handbook from Rough Brothers. The handbook contained policies addressing employee absenteeism and the use of employee personal days.

5. According to the attendance policy in the employee handbook, employees who were going to be absent were required to notify their supervisor of their absence at least one hour prior to the employee's starting time. The handbook further states that failure to comply with this notification requirement may be grounds for discharge.

6. The handbook states that requests for personal time off require prior approval by the employee's supervisor.

7. December 2000 was a very busy time for Rough Brothers. There was a backlog of work in the steel shop at this time and many customer demands that needed to be met.

8. On December 21, 2000 Plaintiff requested to take off from work on December 22, 2000.

9. On the evening of December 21, 2000, Mr. Reilly informed Plaintiff that he could not allow him to be off work on December 22 because there was a backlog of work in the steel shop. December 22 was the last work day before the plant closed for the Christmas holiday. The plant was closed from December 23 through December 26, with production resuming on December 27. After further discussion with Plaintiff regarding the issue of whether Plaintiff could take off work on December 22, Mr. Reilly informed Plaintiff that he (Plaintiff) would be terminated if he did not report for work on December 22. Plaintiff understood that he would be terminated if he did not report for work and told Mr. Reilly that he would be at work on December 22.

10. Plaintiff did not report for work as ordered on December 22, 2000. ▮▮▮

11. Plaintiff did not call in to report his absence on December 22, 2000. ▮▮▮

12. When Plaintiff returned to work on December 27, 2000, he was terminated by Mr. Reilly.

▮▮▮

14. Plaintiff filed a charge of age discrimination with the EEOC on April 3, 2001 ▮

15. In approximately June 2001, Plaintiff applied for a position with QPC, Inc. Kevin Ireland, Office Manager of QPC, contacted Rough Brothers in June 2001 to request employment reference information for Plaintiff. ▮

16. Plaintiff was not hired by QPC.

17. Plaintiff filed the instant Complaint on September 7, 2001, alleging age discrimination in violation of the Age Discrimination and Employment ACT ("ADEA"), slander, and intentional infliction of emotional distress.

## II.    PROPOSED CONCLUSIONS OF LAW.

1. In order to state a <u>prima facie</u> case of age discrimination, Plaintiff must show that he was: (a) a member of the protected class, (b) subjected to an adverse employment action, (c) qualified for the position, and (d) replaced by a younger person.

2. If Plaintiff establishes a <u>prima facie</u> case, Rough Brothers can rebut the inference of discrimination by articulating a legitimate, nondiscriminatory reason for Plaintiff's termination. Plaintiff then has the burden of showing that this reason is false and is but a mere pretext for discrimination.

-3-

█████████████████████████████████ as replaced by a younger person █████

█████████████████████ a Title VII case of discrimination ████████

███████████████████████████ Plaintiff ████ Plaintiff's failure to ████

████████████████████████████████████████████████████████

████████████████████████████

███████████ g ████████████████████████████

████████

█████████████████████████████████████████

██████

████████ §4112.71(1) ████████████████████████ *should be NOT RED*

████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███

████████████████████████████████████

████████████

███████████████████████████████████

████████████████████████████████████████████

████ as ████ beyond ████ p ████████████

████████████████████████████████

████████████████████████████████████████
████████

13. The mere fact that an employee was terminated is insufficient to state a cause of action for intentional infliction of emotional distress.

████████████████████████████████████████
████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████

16. Symptoms of sleeplessness, and a general feeling that the Plaintiff is not the same person as before his termination, are insufficient to constitute a severe and debilitating injury.

████████████████████████████████████████
████
████████████████████████████████████████
████████████████
████████████████████████████████████████
████
████████████████████████████████████████
████████████

-5-